Maria Corrales #67983-509
c/o Victorville Camp FCI Medium I
PO Box 5300
Adelanto, CA 92301

FEE DUE



In the United States District Court for the Central District of California, Los Angeles

| | |
|---|---|
| Maria Corrales, Pro Se,<br>　　　　Petitioner,<br><br>vs.<br><br>Warden of Victorville Camp,<br>FCI Med, I.<br>　　　　Respondent. | Civil Case No. 5:23-CV-01959-JGB(BFM)<br>Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 to Apply My First Step Act ("FSA") Earned Time Credits ("ETC") and Second Chance Act ("SCA") So I Can Have My Release Date of August 8, 2023, Which Has Since Passed |

Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 to Apply My FSA ETC and SCA Credits So I Can Have Immediate Release Which Should Have Been August 8, 2023 Which Has Since Passed

　I am proceeding pro se "a document filed by pro se is to be liberally construed, and pro se complaint, however inartfully pleaded must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed 2d 1081 (2007)(internal quotation marks and citations omitted). In addition, a court must consider as evidence which is based on personal knowledge (McElyea v. Babbit, 833 F. 2d 196, 197 (9th Cir. 1987) set forth facts admissible under the penalty of perjury are true and correct. See Johnson v. Meltzer, 134 F. 3d 1393, 1399-1400 (9th Cir. 1998)). Pleadings count as "verified" if drafter states under the penalty that contents are true and correct. Schroeder v. McDonald, 55 F. 3d 454, n.10 (9th Cir. 1995). I make the following under the penalty of perjury that it is true and correct. I am challenging the execution of my sentence as I should of had immediate release on August 8, 2023, I am being kept in prison in violation of my constitutional rights, and ask that this Court grants an order for my immediate release. I am in custody in violation of the Constitution or laws or treaties of the United States.

I. Relevant Facts

　I was sentenced on May 27, 2022 and remanded to prison on the same day to 32 months and 5 years supervised release. I began serving my time after sentencing for violations on May 27, 2022, when my FSA ETC should have began per 18 U.S.C. §3585(a) which states "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." (See Huihui v. Derr, 2023 U.S. Dist. LEXIS 106552, U.S. Dist. Ct. for the District of Hawaii, June 20, 2023). I have served 16 months of my sentence and should have began receiving at least 10 days for every month since May 27, 2022, on the date of my sentence and incarceration. With my Good Credit Time ("GCT"), FSA ETC, and 10% of my sentence I should have received 3 months of SCA credits, gives me a date of August 8, 2023, which has since passed. I am being kept

in prison in violation of the Constitution or laws or treaties of the United States.

## II. Exhaustion of Administrative Remedies Should Find that Process Is Not Efficacious In this Case and Further Pursuit Would Be A Futile Gesture Because Respondent's Understanding of When I Can Begin Earning Credits Under 18 U.S.C. §§ 3632(d)(4)(B) and 3632(a) Is In Error

This Court should utilize its discretion and decide under the facts of this case, relaxation of the exhaustion would not encourage the law the deliberate bypass of the administrative scheme; rather it would allow for appropriate clarification of the law for Respondent who has been violating the law when I can begin earning FSA ETC and SCA credits. Administrative review in this case is not likely to allow the agency to correct its own mistakes of when I can begin earning FSA ETC and SCA credits and my out date has since passed of August 8, 2023, so I am being kept in prison in violation of the constitution or laws or treaties of the United States, therefore, this Court should excuse for my failure to exhaust administrative remedies.

## III. The Merits of My Claim That If FSA ETC and SCA Credits Were Applied Correctly I would Have Immediate Release As I Should Have Been Released From Prison on August 8, 2023.

Under 18 U.S.C. § 3585(a); 18 U.S.C. § 3632(d)(4), I should have started to earn FSA ETC on May 27, 2022 which gives me a release date of August 8, 2023, from November 8, 2023 I get 10% of my sentence time towards SCA which is 3 months (32 month sentence) (see 18 U.S.C. § 3624(c)(2) SCA). I am being held in prison in violation of the Constitution or laws or treaties of the United States.

## IV. Conclusion

I respectfully ask that my petition be granted, and that I get immediate release.

_Mewia Corralls_     September 20, 2023, Adelanto, California

2

Maria Corrales #67983-509
℅ Victorville Camp Fci Medium I
PO Box 5300
Adelanto, CA - 92301-

<u>Legal</u>
<u>Mail</u>

Attn: Clerk
Edward R. Roybal Federal Building & Courthouse
255 East Temple Street, Room 180
Los Angeles, CA - 90012-

SN BERNARDINO CA 923

21 SEP 2023  PM 4  L

RECEIVED
CLERK, U.S. DISTRICT COURT
SEP 25 2023
CENTRAL DISTRICT
BY:



90012-157860